IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30558
Summary Calendar

_____

VOYD B BURGER,

Plaintiff - Appellant-Cross-Appellee,

v.

MILITARY SEA LIFT COMMAND, as Owner of the U.S.N.S.
Bellatrix; ET AL,

Defendants,

MILITARY SEA LIFT COMMAND, as Owner of the U.S.N.S.
Bellatrix; BAY SHIP MANAGEMENT INC; AVONDALE SHIPYARD INC;
RICHARD P MARTUCCI, Captain; EDWARD L GIBSON; ARTHUR C
CLARK; JOSEPH CONWELL; ERIC BARDES,

Defendants - Appellees,

AMERICAN MARITIME OFFICERS UNION,

Defendant - Appellee-Cross-Appellant.

---------------------------------
Appeals from the United States District Court
for the Eastern District of Louisiana
(97-CV-2795-T)
---------------------------------
June 30, 1999

Before EMILIO M. GARZA, BENAVIDES and STEWART, Circuit
Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

I.

Voyd Burger appeals from the judgment of the district court dismissing with prejudice all of his claims against appellees. American Maritime Officers Union cross-appeals from the district court's denial of Rule 11 sanctions against Burger. We affirm in part and modify in part the district court's dismissal of Burger's claims. We also affirm the district court's denial of Rule 11 sanctions.

This suit grows out of allegations by Voyd Burger that, while employed aboard the U.S.N.S. Bellatrix, he was treated unlawfully from January 3, 1995, until he was terminated on March 3, 1995. Burger has filed three lawsuits based on these same allegations. In February 1996, he filed a 55-page complaint against numerous defendants in the United States District Court for the Northern District of Florida ("Burger I"). His claims were dismissed by the Florida district court and Burger appealed to the Court of Appeals for the Eleventh Circuit. In July 1997, Burger filed a second complaint in the Eastern District of Louisiana that was almost identical to the one filed in the Florida district court ("Burger II"). The Louisiana district court dismissed Burger's claims with prejudice under the first-to-file rule and Burger appealed to this court. In September 1997, Burger filed this, his third suit, again in the Eastern District of Louisiana ("Burger III"). The Louisiana

district court dismissed with prejudice under the first-to-file rule those claims that had already been raised in Burger I and Burger II, and dismissed on the merits claims that were either new or against new parties. In August 1998, the Court of Appeals for the Eleventh Circuit affirmed the Florida district court's decision in Burger I. In January 1999, a panel of this court affirmed the Louisiana district court's decision in Burger II except to the extent that we reversed its decision to dismiss *with prejudice* claims that the Florida district court had dismissed on jurisdictional grounds.

Upon this mass of accreted judicial proceedings, we now consider Burger's appeal in Burger III. Seven of the nine defendants in this suit, including Avondale Shipyard, Inc. ("Avondale"), American Maritime Officer's Union ("AMOU"), Bay Ship Management, Inc. ("BSM"), and four of BSM's employees, Richard Martucci, Edward Gibson, Arthur Clark, and Joseph Conwell, were also defendants in Burger I. The two new defendants are Military Sealift Command ("MSC"), the federal government agency that owns the U.S.N.S. Bellatrix, and Eric Bardes, another employee of BSM. Burger's complaint alleges three causes of action: involuntary servitude, failure to pay portal to portal pay in violation of 29 U.S.C. § 251 et seq., and improper discharge. Burger

3

also moved to join Joseph Sauzek, a fellow seaman on the Bellatrix, in a class action. Based upon Burger's repetitive filings, AMOU and BSM filed a motion seeking Rule 11 sanctions against Burger.

The district court dismissed with prejudice Burger's improper discharge and involuntary servitude claims against the seven previously-named defendants under the first-to-file rule. The portal-to-portal claims against all of the defendants were dismissed based on Burger's failure to identify an express contractual right to such relief. The remaining claims against Eric Bardes were dismissed under Rule 8 for Burger's failure to state the grounds for Bardes's liability. The remaining claims against MSC were dismissed on summary judgment for Burger's failure to comply with the "exclusivity provision" of the Suits in Admiralty Act, 46 U.S.C. § 741-52. The district court also denied Burger's motion to certify a class action for failure to satisfy Rule 23's numerosity or adequate representation requirements. Finally, the district court denied AMOU and BSM's motion for sanction. Burger and AMOU timely appealed these rulings.

II.

A. First-to-File Rule

1. Improper Discharge Claims

We affirm the district court's decision to dismiss Burger's improper discharge claims against the seven previously-named defendants under the first-to-file rule. Burger asserted an identical claim for improper discharge against the same defendants in Burger I and that case was pending before the Court of Appeals for the Eleventh Circuit when the district court entered its order. The first-to-file rule was therefore properly invoked to avoid duplicative litigation. *See Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997).

However, while dismissal was proper under the first-to-file rule, the district court erred in dismissing all of Burger's improper discharge claims with prejudice instead of without prejudice. Instead, the district court should have left Burger an opportunity to refile those claims that were not ultimately considered on the merits by another court. Our decision in this regard is identical to our prior decision in Burger II, *see Burger v. American Maritime Officers Union*, No. 97-31099 (5th Cir. filed Jan. 27, 1999), and we adopt the reasoning of that decision *en toto*. AMOU was the only previously-named defendant that the Florida district court exercised personal jurisdiction over. For that reason, the district court's dismissal with prejudice

5

of Burger's improper discharge claims against AMOU was proper.  As to the other six previously-named defendants--Avondale, BSM, Martucci, Gibson, Clark, and Conwell--we modify the district court's judgment such that the dismissal of Burger's improper discharge claims against them is without prejudice.

### 2.  Involuntary Servitude Claims

Upon reviewing the complaints filed in Burger I and Burger II, we are unable to find any claim that was substantively similar to Burger's claim here that his treatment aboard the Bellatrix amounted to a deprivation of his Thirteenth Amendment right to be free from involuntary servitude.  It was therefore error for the district court to dismiss Burger's claim under the first-to-file rule.  *See Syntec*, 121 F.3d at 950-51 (describing requirement that there be substantial overlap between two suits for first-to-file rule to apply).

Nonetheless, we affirm the district court's dismissal of Burger's involuntary servitude claims on the alternative ground raised below that he failed to state a claim upon which relief could be granted.  To prove a claim of involuntary servitude, an employee must show that there was no conceivable means of avoiding the continued service or confinement.  *See Brooks v. George County*, 84 F.3d 157, 162

6

(5th Cir. 1996). "'When the employee has a choice, even though it is a painful one, there is no involuntary servitude . . . A showing of compulsion is thus a prerequisite to proof of involuntary servitude.'" *Id.* (quoting *Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990)). Burger's complaint alleged that "crew members of the USNS Bellatrix were given the choice of working for free or be [sic] fired under some pretext." That painful choice, even if true, would not support a claim of involuntary servitude. We affirm the district court's dismissal of Burger's involuntary servitude claims with prejudice.

B. Portal-to-Portal Claims

We affirm the district court's decision to dismiss Burger's claims under the Portal-to-Portal Act of 1947, 29 U.S.C. § 251 et seq. The Act limits the liability of employers who fail to compensate employees for travel or other activities which are not an "integral part of and indispensable to their principal activities." *Steiner v. Mitchell*, 350 U.S. 247, 255 (1956); *see* 29 U.S.C. § 254(a). An employer only becomes liable if such activities are compensable under either an express provision of a written or unwritten contract or a custom or practice. *See* 29 U.S.C. § 254(b). Other than a single statement that "Defendant Martucci refused to remit to plaintiff portal to

7

portal funds to pay for transportation," Burger's complaint does not specifically allege what activities entitled him to compensation under the Act. Moreover, the complaint does not, as required by § 4(b) of the Act, describe any contract, custom, or practice that could override the limits on liability established by § 4(a) of the Act. Thus, even if all of the allegations in Burger's complaint were taken as true, he would not have established a claim for portal-to-portal compensation. We therefore find that the district court properly dismissed Burger's Portal-to-Portal Act claims for failure to state a claim.

C. Claims Against Eric Bardes

We affirm the district court's dismissal with prejudice of claims against Eric Bardes. The only allegation against Bardes in Burger's complaint states that Bardes, along with other defendants, "ma[de] plaintiff and other seamen work after hours without pay," which the complaint describes as "involuntary servitude." As previously stated, Burger's complaint does not state a cognizable involuntary servitude claim. As this was the only allegation made against Bardes, Burger's claims against him were properly dismissed.

D. Claims Against Military Sealift Command

We also affirm the district court's grant of MSC's motion for summary judgment. Under the Public Vessels Act,

46 U.S.C. § 781 *et seq.*, the United States waives its sovereign immunity to suits brought for damages caused by public vessels. *See id.* at § 781. This remedy, however, is exclusive of any cause of action against any agent, employee, or agency of the United States. *See id.* at § 745 *incorporated by* 46 U.S.C. § 782; *Favorite v. Marine Personnel and Provisioning, Inc.*, 955 F.2d 382, 385-88 (finding claim against agent of the United States barred by § 745 exclusivity provision). Here, Burger has filed suit against MSC, an agency of the United States. Because his suit is based upon damages incurred while employed aboard a public vessel of the United States, his exclusive remedy was to file suit against the United States, itself. Moreover, even if Burger's suit had properly been instituted against the United States, it would have been barred by the two-year statute of limitation contained in 42 U.S.C. 745. We therefore affirm the district court's grant of MSC's motion for summary judgment.

E. Certification of Class Action

We affirm the district court's denial of Burger's motion to certify a class action. Burger seeks to certify a class that consists of two plaintiffs which he would then represent pro se. Such a class clearly would not satisfy the numerosity or adequate representation requirement in

Rule 23(a).  The district court properly denied Burger's motion.

F.  Sanctions

Finally, we affirm the district court's denial of AMOU's motion for sanctions.  We review a district court's denial of Rule 11 sanctions for an abuse of discretion.  *See American Airlines, Inc. v. Allied Pilots Association*, 968 F.2d 523, 529 (5th Cir. 1992).  The district court remarked that Burger, by repetitively filing suits against the same defendants, has come "dangerously close to deliberate indifference to the court's rules."  We agree.  Nonetheless, the district court found Burger's actions more the result of unfamiliarity with the law than wilful disobedience.  We find no abuse of discretion in this finding.  The district court's denial of sanctions is affirmed.

## III.

For the foregoing reasons, we affirm the district court's dismissal in all respects, except that we modify the dismissal of Burger's improper discharge claims against Avondale, BSM, Martucci, Gibson, Clark, and Conwell such that the dismissal is now without prejudice.

AFFIRMED in part, MODIFIED in part, and AFFIRMED AS MODIFIED.